GARY M. RESTAINO
United States Attorney
District of Arizona

AMY C. CHANG
Arizona State Bar No. 027566
Email: Amy.Chang@usdoj.gov
M. BRIDGET MINDER
Arizona State Bar No. 023356
Email: Bridget.Minder@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

☐ FILED   ☒ LODGED

May 01 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-23-00680-PHX-DJH (JZB) |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Jordan Persad, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Jordan Persad, hereby agree to dispose of this matter on the following terms and conditions:

1.  **PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of 18 United States Code (U.S.C.) § 371, Conspiracy to Commit Computer Fraud, a Class D felony offense.

2.  **MAXIMUM PENALTIES**

    a.  A violation of 18 U.S.C. § 371 is punishable by a maximum fine of $250,000 or twice the pecuniary gain or loss, a maximum term of imprisonment of five years, or both, and a term of supervised release of three years. A maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

   (1)   make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

   (2)   pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

   (3)   serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

   (4)   pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.   The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.   **AGREEMENTS REGARDING SENTENCING**

a.   *Stipulation: Loss Amount.* Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate that for purposes of calculating the Sentencing Guidelines range under U.S.S.G. § 2B1.1, the loss from the unlawful conduct by the defendant and his co-conspirators is more than $550,000 but less than $1,500,000.

b.   *Recommendation: Low-End Sentence.* Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the defendant receive a sentence of no more than the low end of the sentencing guidelines range as calculated under U.S.S.G. § 1B1.1(a). This recommendation does not preclude the defendant from asking for a sentence below the applicable Sentencing Guidelines range, nor does it preclude the government from recommending a lower sentence based upon additional factors learned

during the sentencing process and/or substantial assistance to authorities that may be provided by defendant.

c. <u>Acceptance of Responsibility.</u> If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

d. <u>Non-Binding Recommendations.</u> The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

e. <u>Restitution.</u> Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $1,500,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.[1] The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

---

[1] The defendant understands and agrees that pursuant to the Mandatory Victims Restitution Act (MVRA), the amount of restitution owed will be calculated based on the value of the cryptocurrency on (1) the date of the loss, or (2) the date of sentencing, whichever is greater. See 18 U.S.C. § 3663A(b)(1)(B)(i).

f. <u>Assets and Financial Responsibility.</u> The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

4. **AGREEMENT TO DISMISS OR NOT PROSECUTE**

   a. This office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States at the time this agreement is entered, in connection with the charge in the Information.

   b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and

any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.  **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.  **DISCLOSURE OF INFORMATION**

a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.  Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)  criminal convictions, history of drug abuse, and mental illness; and

(2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.  **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.  Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9.  **ELEMENTS**

To prove the crime of Conspiracy to Commit Computer Fraud, in violation of 18 U.S.C. § 371, the government must prove the following elements beyond a reasonable doubt:

1.  From at least March 2021 to September 2022, in the District of Arizona and elsewhere, there was an agreement between two or more persons to commit the crime of Computer Fraud in violation of 18 U.S.C. § 1030(a)(4).

2. The defendant became a member of the conspiracy knowing that its object was to commit computer fraud and intending to help accomplish it.

3. The defendant committed at least one overt act for the purpose of carrying out the conspiracy.

The elements of Computer Fraud in violation of 18 U.S.C. § 1030(a)(4), the object of the Conspiracy, are as follows:

1. The defendant knowingly accessed without authorization or exceeded authorized access to a computer used in or affecting interstate or foreign commerce or communication;

2. The defendant did so with the intent to defraud;

3. By accessing the computer without authorization or exceeding authorized access to the computer, the defendant furthered the intended fraud; and

4. The defendant by accessing the computer without authorization or exceeding authorized access to the computer obtained anything of value.

10. **FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

From at least March 2021 to September 2022, I conspired with N.B., C.A., A.W., and others, including individuals I know only through their online aliases, to commit computer fraud. My co-conspirators and I used a technique called "SIM swapping" to gain unauthorized access to cellular telephones, email accounts, and internet-based cryptocurrency accounts belonging to victims across the country and to steal these victims' cryptocurrency for ourselves.

As part of the fraud scheme, my co-conspirators and I bought and sold access logs containing victim email credentials (i.e., email addresses and passwords); logged into victim email accounts without authorization; swapped the SIM cards associated with victim telephones to gain control of their phone numbers; hacked into victim cryptocurrency accounts without authorization; and transferred cryptocurrency from victim accounts to cryptocurrency wallets controlled by me and/or my co-conspirators.

For example, on or about April 4, 2022, my co-conspirators and I accessed, without authorization, an internet-based cryptocurrency account belonging

to Arizona resident J.D. At my direction, one of my co-conspirators transferred approximately $28,000 worth of cryptocurrency from J.D.'s cryptocurrency account to a cryptocurrency wallet used or controlled by my co-conspirator. My co-conspirators and I then divided the stolen cryptocurrency amongst ourselves.

In total, between on or around March 2021 and September 2022, my co-conspirators and I stole at least $950,000 worth of cryptocurrency from victims, including victims in Arizona. I personally received around $475,000 from this scheme. Because the value of cryptocurrency fluctuates, these are reasonable estimates in U.S. dollars of the amount stolen as part of the conspiracy.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

4/27/2023
Date

*Jordan Persad* (signature)
JORDAN PERSAD
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/27/23
Date

MARK J. O'BRIEN
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

4/27/23
Date

AMY C. CHANG
M. BRIDGET MINDER
Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

_____      _____
Date                        Honorable DIANE J. HUMETEWA
                            United States District Judge